IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHEN SCUTELLA, | ) | |
|     Petitioner, | ) | Civil Action No. 12-88 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ERIE COUNTY PRISON, et al., | ) | |
| | ) | |
|     Respondents. | ) | |

## MEMORANDUM ORDER

Petitioner, Jhen Scutella ("Scutella"), a prisoner formerly incarcerated at the Erie County Prison of Erie, filed a Complaint [ECF No. 6] and later an Amended Complaint [ECF No. 19] alleging that various defendants violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and retaliated against him for exercising his First Amendment rights. Namely, the Defendants in the Amended Complaint are Erie County Prison and its various employees named individually (hereinafter collectively "ECP"), Wexford Health Services, Inc. ("Wexford"), and Gary Peterson, D.O. ("Peterson"). Also named as Defendants, but never served, were Dan Telega ("Telega"), and three unnamed individuals identified as "Dr. John Doe", "L.P.N. Jane Doe", and "R.N. Jane Doe".

On August 7, 2012 ECP filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 25]. On September 4, 2012 Wexford filed a Motion to Dismiss [ECF No. 47]. On November 12, 2012 Peterson filed a Motion for Joinder [ECF No. 50] to Wexford's Motion to Dismiss [ECF No. 47]. Finally, on November 26, 2012 Magistrate Judge Susan Paradise Baxter issued a Report and Recommendation ("R&R") [ECF No. 53]. To date no response has been filed by Scutella to any of the Motions or to the R&R.

In her R& R Judge Baxter recommends the following:

1

1. The ECP Motion to Dismiss, which includes its employees named in the Amended Complaint [ECF No. 25], be treated as a Motion for Summary Judgment, and in accordance with Federal Rule of Civil Procedure 12(d), be granted;

2. Defendant Wexford's Motion to Dismiss [ECF No. 47] be treated as a Motion for Summary Judgment, and in accordance with Federal Rule of Civil Procedure 12(d), be granted; and

3. Defendant Peterson's Motion to Dismiss [ECF No. 50] be granted.

The Motions to Dismiss were converted to Motions for Summary Judgment because ECP and Wexford attached a number of exhibits to their motions and according to Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated at one for Summary Judgment. Under Federal Rule of Civil Procedure 12(b)(6) summary judgment may be granted for failure to state a claim on which relief can be granted. Summary Judgment is only granted if there is no genuine issue of material fact.

In this case ECP, Wexford, and Peterson argue that The Exhaustion Requirement was not fulfilled by Scutella. Namely, that Scutella did not complete the administrative review process for most of his grievances for proper exhaustion before filing a claim with the Court. Scutella was fully aware of grievance procedure because ECP's Inmate Manual was provided to him at the time of commitment. An affidavit provided by an ECP employee states the same. Scutella was requested to respond but as noted earlier did not. Thus, the Scutella did not present any issue of material fact, and therefore, summary judgment must be granted as to the majority of the claims.

As for two claims for which the Scutella did exhaust his administrative procedure, the Court could not find a violation of Scutella's due process rights either procedurally or substantively.

It is the opinion of this Court that the Amended Complaint as written is deficient in alleging its claims and Scutella has not pursued the claims though he was given ample time and notice to do so. Plaintiff's failure to plead his case properly render his claims without merit and there is no issue of material fact. Summary judgment and dismissal of claims must be granted. Therefore, the following Order is entered:

And now to-wit, this 29th day of January 2013, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

ECP's and Wexford's Motions for Summary Judgment [ECF Nos. 25 and 47] are GRANTED. Furthermore, Peterson's Motion to Dismiss [ECF No. 50] the case is GRANTED. In addition, the Defendants who were never served in this case (Defendant Telega, "Dr. John Doe", "L.P.N. Jane Doe", and "R.N. Jane Doe," should all be dismissed pursuant to Federal Rule of Civil Procedure 4(m) because they were not served within 120 days of the date(s) they were named as Defendants in this case. Finally, any pendant state law claims that the Plaintiff asserted such as medical negligence, emotional and mental distress, official oppression, and conspiracy are not properly reviewed by this Court, and therefore, are dismissed. See Carnegie Mellon University, et al. v. Cohill, 108 S.Ct. 614 (1988). The Report and Recommendation of Magistrate Judge Baxter dated October 16, 2012 [ECF No. 53] is adopted as the Opinion of the Court. The Clerk shall mark this case **CLOSED**.

Maurice B. Cohill
Senior United States District Court Judge
Western District of Pennsylvania